UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FELIPE J. GARCIA-CLAVELO,

Plaintiff(s),

NICOLAS NOGUERAS-CARTAGENA,

Defendant(s).

Civil No. 10-1544 (DRD)

**AMENDED OPINION AND ORDER**

Pending before the Court are two motions filed by defendant Nicolás Nogueras Cartagena ("Nogueras"), to wit: (a) *Answer and Motion in Compliance with Order, to Dismiss Complaint and other Matters* filed on July 12, 2010, Docket No. 6; and (b) *Motion Reiterating Request for Dismissal*, Docket No. 15. The record shows that plaintiff Felipe J. García Clavelo ("García") filed an opposition to defendant's answer on September 15, 2010, Docket No. 14. Defendant's second dismissal request, Docket No. 15, stands unopposed. For the reasons set forth below, the dismissal request is granted.

**Factual and Procedural Background**

The instant action was filed on June 16, 2010 by *pro se* plaintiff García seeking the recovery of his legal files and the moneys paid to Nogueras for professional services rendered, as Nogueras has violated his civil rights. In a nutshell, García claims that notwithstanding the moneys paid to Nogueras to defend plaintiff in criminal state court complaints, he was nonetheless sentenced to serve time in imprisonment for three years in the State system, notwithstanding plaintiff having paid in excess of eighty thousand dollars ($80,000.00) in lawyers fees to Mr. Nogueras. Defendant Nogueras answered the complaint and moved for dismissal on several grounds: (a) the Court lacks jurisdiction to entertain plaintiff's complaint, as it is not based on a federal question or federal law; (b) plaintiff's pleadings and documents are filed in the Spanish language, without leave of Court; (c) plaintiff has filed the same action in the local forum before the Solicitor General of Puerto Rico ("Solicitor General"), as well as the Supreme Court of Puerto Rico; (d) the Solicitor General dismissed the claim against Nogueras, as "there is no evidence of a violation of the Rules of Conduct

of the legal profession," *see* Docket No. 13-1; (e) plaintiff failed to comply with an order issued by the Puerto Rico Superior Court, ordering García to appear for a psychiatric evaluation before Dr. Rafael Cabrera, on June 24, 2010 at 8:30 a.m. at the Psychiatric Hospital, Río Piedras, Puerto Rico; (f) plaintiff refused to pick up his legal files located at the Offices of the Solicitor General, instead García demanded from the Solicitor General that the files be transferred to the federal court.  The Solicitor General asked Nogueras to pick up the files, as the case was already closed.

On July 22, 2010, plaintiff moved the Court to appoint counsel, *see* Docket No. 8.  On September 15, 2010, plaintiff opposed defendant's dismissal request by rehashing the same allegations of the complaint, *see* Docket No. 14 (this document was filed in the English language).  Defendant responded with a second dismissal request, and moved the Court for attorneys fees, costs and expenses.

### Applicable Law and Discussion

The defendant moved the Court for the dismissal of the instant action, however, fails to include the applicable law that warrants the dismissal of this instant action.  In order to dispose of this case expeditiously, the Court finds that the dismissal of this case is warranted, at least on several grounds: (a) the pleadings and documents filed by plaintiff are in the Spanish language; (b) lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); and (c) failure to state a claim upon which a relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

### Documents in the Spanish Language

At the outset, the Court notes that all the documents and pleadings filed by plaintiff, *see* Docket entries No. 1, 4-5, 7-12 are in the Spanish language, which cannot be considered by the Court, pursuant to Rule 5(g) of the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules").  Moreover, said documents were filed in Spanish without leave of Court.

### Lack of Subject Matter Jurisdiction

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and  12(b)(6), it

ordinarily ought to decide the former before broaching the latter." (citations omitted). *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz*, 285 F.3d at 150.

Rule 12(b)(1) provides that a complaint will be dismissed if the court lacks subject matter jurisdiction. It is settled that the standard followed by the court when considering a dismissal request under Rule 12(b)(1), is that the court "must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor." *Viqueira v. First* Bank, 140 F.3d 12, 16 (1st Cir. 1998), as restated in *Rolón v. Rafael Rosario & Associates, Inc., et al.*, 450 F.Supp.2d 153, 156 (D.P.R.2006). To determine jurisdiction under Rule 12(b)(1), the court may also review the evidence on record, including affidavits and depositions, as opposed to a dismissal request under any other subsection of Rule 12(b). Once the jurisdiction of the court is challenged by the defendant through a motion to dismiss, "it is plaintiff's burden to establish that the court has jurisdiction." *Rolón*, *supra*.

"Federal Courts are courts of limited jurisdiction," *Rolón*, 450 F.Supp.2d at 156, thus, "this Court has the responsibility to police the border of federal jurisdiction" *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001)," and "must rigorously enforce the jurisdictional limits [standards] that Congress chooses, *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp.2d 84, 88 (D.P.R. 2002)(citing *Coventry Sewage Association v. Dworking Realty Co.*, 71 F.3d 1, 3 (1st Cir. 1995), as restated in *Rolón*, 450 F.Supp.2d at 156.

In the instant case, Nogueras alleges, in general, that this Court lacks subject matter jurisdiction, as there is no federal question involved, nor a remedy under federal law. The Court agrees and briefly explains, *albeit* the Court wishes to emphasize that Nogueras failed to cite any legal authorities in support of the dismissal request. The Court reminds counsel that, "[a] party 'cannot expect a trial court to do his homework for him.'" *Cruz-Báez, et als. v. Negrón-Irizarry*, 220 F.Supp.2d 77, 79, n.3 (D.P.R.2002), citing *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir. 1991). "Rather, parties have an affirmative responsibility to put their best foot forward in an effort to present a legal theory that will support their claim."

*Cruz-Báez*, 220 F.Supp.2d at 79, citing *McCoy*, 950 F.2d at 23.

## A Civil Rights' Violation Under 42 U.S.C. § 1983?

In the instant case, García filed this action seeking a remedy against Nogueras for an alleged violation of his civil rights.  As stated above, García demands: (a) the delivery of all the legal files corresponding to the actions in which he is a party in the local court; and (b) the reimbursement of the moneys paid to Nogueras, which amount to $82,000.00 all related to state criminal complaints.  In his response to Nogueras' first dismissal request, García fails to cite any legal authority fails to establish a relation between the professional services rendered by Nogueras, the amount paid for professional services, and the state judgment.  Notwithstanding, the Court will take plaintiff's alleged violation of civil rights, as one under 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In *Cruz-Erazo, et al. v. Rivera-Montañez, et al.*, 212 F.3d 617, 621 (1st Cir. 2000), the Court held:

> As is well established, § 1983 creates no independent substantive rights, but rather provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Hence, the requirement that, to state a claim under § 1983, a plaintiff must allege (1) the violation of a right protected by the Constitution or laws of the United States and (2) that the perpetrator of the violation was acting **under color of law**.  *See, e.g., Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  (Emphasis ours).

4

In *Yeo v. Town of Lexington, et al.*, 131 F.3d 241, 248-249 (1ˢᵗ Cir. 1997), the Court addressed the

issue of state action in a suit under § 1983.  The Court held:

> **The essential state action inquiry is whether the government has been sufficiently involved in the challenged actions that it can be deemed responsible for the plaintiff's claimed injury**.  (Fn. 3: The 'under color of law' requirement of § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment," *United States v. Price*, 383 U.S. 787, 794 n. 7 (1966) ...).  **If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors.**
>
> . . .
>
> The modern state action decisions of the Supreme Court do not rely on a single analytic model applied regardless of the fact patterns involved.  As this Court once observed, the "state action inquiry is 'necessarily fact-bound.'" *Ponce v. Basketball Federation of the Commonwealth of Puerto Rico*, 760 F.3d 375, 377 (1ˢᵗ Cir. 1985) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).  The analytic model used must take account of the specific constitutional claim being asserted, here, one under the First Amendment.  (Fn. 6: The "search for state action . . . ends by identifying the precise substantive constitutional issue to be addressed." (Citations omitted)).  (Emphasis ours).

In *Martínez v. Colón*, 54 F.3d 980, 986-987 (1ˢᵗ Cir. 1995), the Court held:

> In general, **section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office**, or unless the conduct is such that the actor could not have behaved on that way but for the authority of his office. . . .
>
> . . .
>
> "[T]he traditional definition of acting under color of state law requires that the defendant . . . have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  **Hence, a person acts under color of state law "when he abuses the position given to him by the State".** *Id.* at 50.  **The key determinant is whether the actor, at the time in question, purposes to act in an official capacity or to exercise official responsibilities pursuant to state law**.  *See id.*
>
> . . .

5

> **Even though "acting under color of law" includes "acting under pretense of law" for purposes of state action analysis, there can be no pretense if the challenged conduct is not related in some meaningful way either to the officer's governmental status or to the performance of his duties**.  (Emphasis ours).

In the instant case, there is no state action under 42 U.S.C. § 1983, as Nogueras is not a state actor, indeed Nogueras is a private attorney, not a state government attorney.  "If there is no state action, then the court may not impose constitutional obligations on ... private actors." *Yeo*, 131 F.3d at 248-249.  At the time Nogueras represented García, Nogueras was not a state government attorney acting in an official state government capacity.  As stated above, there is no vestige of evidence whatsoever that Nogueras is but a private attorney.  Hence, Nogueras' motion to dismiss, Docket No. 6, as well as the second dismissal request, Docket No. 15, are granted.

In view of the fact that the Court finds that it lacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), there is no need to proceed any further.  "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz*, 285 F.3d at 150.

### Conclusion

For the reasons stated above, the motions to dismiss filed by defendant Nogueras, Docket entries No. 6 and 15, are granted.  The instant action is dismissed with prejudice.[1]  Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of November, 2010.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[1]     The only potential action is a disciplinary remedy, which plaintiff has instituted.  However, the Court anticipates no result as the matter is under consideration by the Court, as plaintiff has filed a letter addressed to Chief Judge Fusté.  The federal district court is not bound by the State decision regarding the disciplinary matter, *see In re Masini-Soler*, 882 F.Supp. 23 (D.P.R. 1995).